# Motion to Vacate, Set Aside, or Correct a Sentence
## By a Person in Federal Custody

### (Motion Under 28 U.S.C. § 2255)

#### Instructions

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions briefly. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8. When you have completed the form, send the original and two copies to the Clerk of the United States District Court at this address:

       Clerk, United States District Court_____
       John Joseph Moakley Courthouse
       1 Courthouse Way, suite#2500, Boston, MA 02210

9. **CAUTION:** You must include in this motion **all** the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.

Jury " Judge only "

7.  Did you testify at the trial? Yes "  No

8.  Did you appeal from the judgment of conviction? YES

9.  If you did appeal, answer the following:

    (a) Name of court: UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

    (b) Docket number (if you know): No. 01-2700

    (c) Result:      Decision below AFFIRMED

    (d) Date of result (if you know):    March 31, 2003

    (e) Citation to the case (if you know): UNITED STATES v. MOLLOY, 324 F.3d 35 (1st Cir. 2003)

    (f) Grounds raised: I.  The district court erred in enhancing the defendant's sentence for possessing or transferring two hand grenades with "reason to believe" that the grenades would be used or possessed in connection with another felony offense where there was no evidence of the seller's knowledge or belief of the buyer's bad or criminal purpose for the grenades.

                II.  The government must allege in the indictment and each fact supporting an enhancement under the logic and reasoning of *Apprendi v. New Jersey*, 530 U.S. 460 (2000)

    (g) Did you file a petition for certiorari in the United States Supreme Court?        Yes
        If "Yes," answer the following:

        (1) Docket number (if you know):  No. 02-11070

        (2) Result:  Writ of Certiorari DENIED

        (3) Date of result (if you know):   October 6, 2003

        (4) Citation to the case (if you know): ZAWADSKI v. UNITED STATES OF AMERICA

        (5) Grounds raised: I.    The decisions of the Circuit Courts of Appeal on this issue are in conflict.
                            II.   The purported gang membership status of the buyer, without more, cannot satisfy

        the government's burden of proof that the defendant knew or had reason to believe the weapons would be used in a subsequent felony.

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

        No

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:

        (2) Docket number (if you know):

        (3) Nature of the proceeding:

(4) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(5) Did you receive a hearing where evidence was given on your motion, petition, application?
Yes " No "

(6) Result: _____

(7) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket number (if you know): _____

(3) Nature of the proceeding: _____

(4) Grounds raised: _____

_____

_____

_____

_____

_____

(5) Did you receive a hearing where evidence was given on your motion, petition, or application?
Yes " No "

(6) Result: _____

(7) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion,

petition, or application?

(1)  First petition:        Yes "  No "

(2)  Second petition:      Yes "  No "

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did

not: _____

_____

_____

12. For this motion, state briefly every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. Summarize briefly the facts supporting each ground.

CAUTION: If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief. Each one is a separate ground for possible relief. You may raise other grounds besides those listed. However, you should raise in this motion all available grounds (relating to this conviction or sentence) on which you base your claim that you are being held in custody unlawfully.

- Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
- Conviction obtained by use of coerced confession.
- Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
- Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
- Conviction obtained by a violation of the privilege against self-incrimination.
- Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
- Conviction obtained by a violation of the protection against double jeopardy.
- Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
- Denial of effective assistance of counsel.
- Denial of right of appeal.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must set out in the space provided below the facts that support your claims.

**GROUND ONE:** Unconstitutional sentence under the Sixth Amendment. *Blakely v. Washington*, 124 S. Ct. 2531 (2004).

(a)    Supporting facts (Do not argue or cite law. Just briefly state the facts that support your claim.): The defendant received a significant sentence enhancement under U.S.S.G. § 2k2.1(b)(5), over his objection. The enhancement was based upon a judicial finding that the defendant knew or should have known that the weapons would be used in a subsequent felony. The finding was determined after the defendant plead guilty, but the factual basis for the enhancement was not part of the indictments, nor part of the government's offer of proof at the plea hearing. The enhancement was determined under the preponderance of the evidence standard; not proved beyond a reasonable doubt as required by *Blakely v. Washington*, 124 S. Ct. 2531 (2004). There was insufficient evidence as a matter of law and fact to prove the enhancement. The defendant specifically challenged the proof for the sentence enhancement at the time of sentencing, on direct appeal and in his petition for certiorari.

_____

_____

_____

(b) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes*

    (2) If you did not raise this issue in your direct appeal, briefly explain why: _____
*The defendant raised a challenge to this enhancement. At the time of the defendant's sentence and upon

appeal, however, the decision of *Blakely v. Washington* had not yet been issued. _____

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        No.

    (2) If your answer to Question (c)(1) is "Yes," state the type of motion, petition, or application, the name and

location of the court where the motion or petition was filed, the case number (if you know), the date of the

court's decision, and the result. Attach a copy of the court's opinion or order, if available. _____

_____

_____

_____

_____

    (3) Did you receive a hearing on your motion, petition, or application?
        Yes "   No "

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes "   No "

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes "   No "

    (6) If your answer to Question (c)(4) is "Yes," state the name and location of the court where the appeal was

filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the

court's opinion or order, if available. _____

_____

_____

_____

_____

    (7) If your answer to Question (c)(4) or Question (c)(5) is "No," briefly explain: _____

_____

_____

_____

_____

**GROUND TWO:**

_____

_____

(a) Supporting facts (Do not argue or cite law. Just briefly state the facts that support your claim.): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes " No "

(2) If you did <u>not</u> raise this issue in your direct appeal, briefly explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes " No "

(2) If your answer to Question (c)(1) is "Yes," state the type of motion, petition, or application, the name and location of the court where the motion or petition was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available. _____

_____

_____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?
Yes " No "

(4) Did you appeal from the denial of your motion, petition, or application?

Yes " No "

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes " No "

(6) If your answer to Question (c)(4) is "Yes," state the name and location of the court where the appeal was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available. _____

_____

_____
_____
_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," briefly explain: _____

_____
_____
_____
_____

GROUND THREE:

_____
_____
_____
_____
_____
_____

(a) Supporting facts (Do not argue or cite law. Just briefly state the facts that support your claim.): ____

_____
_____

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ⁣" No "

(2) If you did not raise this issue in your direct appeal, briefly explain why: _____

_____
_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes " No "

(2) If your answer to Question (c)(1) is "Yes," state the type of motion, petition, or application, the name and location of the court where the motion or petition was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available. _____

_____
_____
_____
_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes " No "

(4) Did you appeal from the denial of your motion, petition, or application?

Yes " No "

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes " No "

(6) If your answer to Question (c)(4) is "Yes," state the name and location of the court where the appeal was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available. _____

_____

_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," briefly explain: _____

_____

_____

_____

_____

GROUND FOUR: _____

_____

_____

_____

_____

_____

_____

_____

(a) Supporting facts (Do not argue or cite law. Just briefly state the facts that support your claim.): _____

_____

_____

_____

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes " No "

(2) If you did not raise this issue in your direct appeal, briefly explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes " No "

(2) If your answer to Question (c)(1) is "Yes," state the type of motion, petition, or application, the name and

location of the court where the motion or petition was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available. _____

_____

_____

_____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?
    Yes " No "

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes " No "

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes " No "

(6) If your answer to Question (c)(4) is "Yes," state the name and location of the court where the appeal was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available. _____

_____

_____

_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," briefly explain: _____

_____

_____

_____

_____

_____

13. Is there any ground in this motion that has not been presented in some federal court? If so, which ground or grounds have not been presented, and briefly state your reasons for not presenting them: _____

_____

_____

_____

_____

_____

_____

_____

_____

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging?        Yes " No "

    If "Yes," state the name and location of the court, the case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____

_____

(b) At arraignment and plea: _____
Charles McGinty, Federal Defender's Office, 408 Atlantic Avenue, Third Floor, Boston, MA 02210

(c) At trial: _____

_____

(d) At sentencing: _____

Charles McGinty, Federal Defender's Office, 408 Atlantic Avenue, Third Floor, Boston, MA 02210

(e) On appeal: _____

Mark Stevens, 5 Manor Parkway, Salem, NH 03079 _____

(f) In any post-conviction proceeding: _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?    Yes

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?         No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes " No "

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as codified in 28 U.S.C. § 2255 does not bar your motion.*

The defendant's judgment of conviction became final upon the denial of his petition for certiorari by the

Supreme Court on October 6, 2003. The United States Supreme Court issued the decision in *Blakely v. Washington* on June 24, 2004.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as codified in 28 U.S.C. § 2255, paragraph 6, provides in part that:
   A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
      (1) the date on which the judgment of conviction became final;
      (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
      (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the relief to which he or she may be entitled.

_____
Signature of Attorney (if any)

MARK STEVENS

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion Under 28 U.S.C. § 2255 was placed in the prison mailing system on _____

_____ (month, date, year).

Executed (signed) on _____ (date).

_____
Signature of Movant (required)