UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 00-10077-WGY |
| ) | |
| JASON ZAWADZKI ) | |

**DEFENDANT'S MEMORANDUM OF REASONS IN SUPPORT OF MOTION TO VACATE SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

I. STATEMENT OF THE CASE

On March 8, 2000, the defendant was charged in a three count indictment of the following offenses: possession of unregistered destructive devices, in violation of 18 U.S.C. § 5861(d), transfer of unregistered destructive devices, in violation of 26 U.S.C. § 5861(e), and felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1). On November 9, 2001, the defendant pled guilty to the charges (Tr. 1/28)[1]. On November 20, 2001, the defendant was sentenced to 13 years in custody, followed by three years of supervised release, a $300 special assessment and participation in a substance abuse program (Tr. 2/27-28).

As part of his sentence, this Honorable Court, over the defendant's objection, enhanced the defendant's offense level by four levels under U.S.S.G. §

---

[1] References to the transcript of the change of plea hearing held on November 9, 2000 will be designated by "(Tr. 1/  )" followed by the particular page reference. References to the disposition hearing held on November 20, 2001 will be designated by (Tr. 2/  ) followed by the particular page reference. For the Court's convenience a copy of the transcripts of both hearings, as well as the Defendant's Memorandum in Aid of Sentencing, are reproduced post in an Appendix.

2K2.1(b)(5), finding that the defendant "had reason to believe" that the grenades would be used or possessed in connection with another felony offense and "did so believe" (Tr. 2/12). Accordingly, the defendant's final adjusted offense level was 27 instead of 23 (Tr. 2/12). Based upon a criminal history category of VI, the defendant faced a sentencing guideline range of 130 to 162 months. The district court imposed a sentence of 156 months (divided across some of the counts), no fine, a special assessment of $300 and a three-year term of supervised release (Tr. 2/27). The defendant appealed, and the First Circuit affirmed the conviction in a reported decision, namely, *United States v. Molloy*, 324 F. 3d 35 (1st Circuit 2003). The Supreme Court denied certiorari on October 6, 2003.

## II.   STATEMENT OF FACTS

### A. Offense Conduct

On January 23, 2000, David Molloy approached an individual who was cooperating with the Massachusetts State Police Gang Unit (Tr. 2/23). The individual approached by Molloy was a confidential informant code named "Slot" (Tr. 2/23). Molloy offered to sell Slot two hand grenades (Tr. 2/23). Slot and Molloy negotiated the terms of the sale: $700 in advance and an additional $500 after the authenticity of the grenades had been verified by Slot. Slot told Molloy from the outset of these negotiations that Slot was purchasing the grenades for another.

On January 24, 2000, Molloy and Slot drove in separate cars to the defendant's house at 18 Heritage Lane in Methuen, Massachusetts (Tr. 1/23-24). Molloy went inside the defendant's house alone and retrieved two hand grenades, which he sold to Slot (Tr. 1/24). Slot paid Molloy $700 for the grenades that night (Tr. 1/24). On January 25, 2000, Slot advised Molloy that his buyer was satisfied with the grenades and Slot paid Molloy the outstanding balance of $500.

On February 4, 2000, a search of the defendant's home was conducted pursuant to a warrant (Tr. 1/25). The search yielded a shotgun, a revolver, a rifle and ammunition (Tr. 1/25-26). The defendant had previously been convicted of felonies in the state courts in Massachusetts (Tr. 1/26-27). The defendant was charged in a three count indictment of the charges: possession of unregistered destructive devices, in violation of 18 U.S.C. § 5861(d), transfer of unregistered destructive devices, in violation of 26 U.S.C. § 5861(e), and felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1).

### B.  The Sentencing Hearing

The facts regarding the defendant's sentencing hearing that are relevant to this motion follow.  At the hearing the defendant's counsel objected to the four level enhancement under U.S.S.G. § 2K2.1(b)(5).  The defendant argued that the pre-sentence report showed at most that the defendant knew or had reason to believe Slot was a gang member, and that there was an entire lack of evidentiary support for the finding that the grenades would be used in another felony offense or another offense, merely because they were transferred to a gang member (Tr. 2/4-5).

The government conceded that it did not dispute that the defendant had no specific knowledge that the grenades transferred to Molloy would be used in any specific felony:

> Court: ... your best evidence is that Mr. Zawadzki was selling to a gang member in the Lawrence area with knowledge of what was going on in the Lawrence area but no specific knowledge of any specific felony.  That's the best for you. Correct?
>
> Government: That's right...

(Tr. 2/9).

The government's argument on the issue was that because of the dangerous nature of the weapons, and because the sale of the dangerous weapons was to a gang member, that the seller would have reason to believe that the weapons would be used in a future felony (Tr. 2/9).

4

The defendant's counsel specifically preserved a Sixth Amendment challenge to his sentence in his sentencing memorandum and at the sentencing hearing, relying on *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (Defendant's Motion for Downward Departure and Memorandum in Aid of Sentencing, at P. 6) (Tr. 2/19-20).

In his sentencing memorandum, the defendant objected to the enhancement and argued as follows:

> "Under the logic and reasoning of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Government must allege in the indictment and prove to the jury each fact that supports an enhancement under the guidelines".

(Defendant's sentencing memorandum, at P. 6).

This Court acknowledged that the issue was preserved as follows:

> COURT: "... Let me ask you to start with the *Apprendi* issue... I understand, I think, the value of your raising that issue. And so isn't it... you're raising it to preserve the record should an appellate court rethink that position. Isn't that correct?"
> DEFENSE COUNSEL: "That's correct. I'm raising it to preserve the record..."
> COURT: "As you should and I recognize it... You've got to raise and raise and raise again these constitutional issues lest, if things change ---"

(Tr. 2/19-20).

The defendant also challenged the sentencing enhancement on appeal, including the preservation of the *Apprendi* argument as part of his appeal to the

First Circuit in order to preserve this issue. *United States v. Molloy*, et al., 324 F. 3d 35 (1st Cir. 2003); *United States v. Ticchiarelli*, 171 F. 3d 24, 28 (1st Cir. 1999). The First Circuit acknowledged that the defendant had preserved the *Apprendi* issue. *Id.* ("Cognizant of this binding adverse precedent, Zawadzki expressly raises the *Apprendi* issue before us only to preserve it for possible Supreme Court review").

### III. ARGUMENT

The defendant's sentence was enhanced based upon factual findings by the Court that were not charged in the indictment, not offered in the government's offer of proof, nor admitted by the defendant during his plea colloquy. The burden of proof regarding the enhancement at the time of sentencing was the preponderance of the evidence standard, not the standard of proof beyond a reasonable doubt. The defendant's sentence is unconstitutional under the Sixth Amendment. *Blakely v. Washington*, 124 S. Ct. 2531 (2004).

The *Blakely* decision cast a long shadow over the federal sentencing guidelines. *United States v. Booker*, 375 F. 3d 508 (7th Cir. 2004). Prior to *Blakely*, the government bore the burden of proving facts necessary to invoke an enhancement merely by a preponderance of the evidence. *United States v. Powell*, 50 F. 3d 94, 103 (1st Cir. 1995). *Blakely*, however, limits the maximum sentence that a court may impose to the facts reflected in a jury verdict or admitted by the defendant, neither of which were the basis for the sentencing enhancement in this case.

Where *Blakely* requires that facts that support a sentencing enhancement must be proven beyond a reasonable doubt, and where this defendant's sentence was enhanced upon judicial findings of fact on a preponderance of the evidence, standard, the defendant's sentence was based on the wrong standard of proof. *United States v. Ameline*, ___ F. 3d ___ (9th Cir. July 21, 2004).

The defendant challenged this sentencing enhancement on both factual and legal grounds in this Court and on direct appeal, including an *Apprendi* challenge that even predated the *Blakely* decision.

The defendant respectfully moves that his sentence be vacated, set aside or corrected in light of the violation of his Sixth Amendment rights and in consideration of the Supreme Court's decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004).

## CONCLUSION

For the reasons set forth in the defendant's argument, and for such other reasons as may be advanced on oral argument, the defendant moves that the Court vacate, set aside or correct the defendant's sentence.

## REQUEST FOR ORAL ARGUMENT

The defendant respectfully requests to be heard on the within motion and memorandum, and requests a hearing pursuant to Local Rule 7.1 D.

Respectfully submitted,
Jason Zawadzki
By his attorney,

Dated:   October 1, 2004

Mark Stevens, Esquire
MA BBO #641023
5 Manor Parkway
Salem, NH 03079
(603) 893-0074

## CERTIFICATE OF SERVICE

I, Mark Stevens, Attorney for defendant Jason Zawadzki, certify that a copy of the within pleadings were mailed by first class mail, postage prepaid to United States Attorney John T. McNeil, Esquire, United States Attorney's Office, John Joseph Moakley Courthouse, 1 Courthouse Way, Boston, MA 02210 on October 1, 2004.

Mark Stevens, Esquire