UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASON ZAWADZKI ) | |
| ) | |
| v.                                ) | CIV. NO.  04-CV-12114-WGY |
| ) | |
| UNITED STATES OF AMERICA ) | |

**Government's Opposition to Defendant's
Motion to Vacate Judgment Under 28 U.S.C. § 2255**

The United States of America, by and through Assistant United States Attorney John T. McNeil, respectfully submits this opposition to Jason Zawadzki's ("Zawadzki") petition pursuant to 28 U.S.C. § 2255.  In sum, even if one assumes, *arguendo,* that Blakely v. Washington, 124 S.Ct. 2531 (2004), applies to the United States Sentencing Guidelines, the rule announced in Blakely is not retroactive and this court must reject Zawadzki's petition.

**Procedural Statement**

Zawadzki was charged in a three-count indictment on March 8, 2000. [D.11].  Count One charged Zawadzki with possession of unregistered destructive devices (two military fragmentation hand grenades), in violation of 26 U.S.C. §5861(d).  Count Two  charged Zawadzki with the transfer of unregistered destructive devices (two military fragmentation hand grenades), in violation of 26 U.S.C. §5861(e).  Count Three charged Zawadzki with being a felon-in-possession of firearms and ammunition (12 gauge shotgun, .357 caliber handgun, a .22 caliber rifle and a quantity of ammunition), in violation of 18 U.S.C. §922(g)(1).   The charges stemmed from Zawadzki's sale of two military fragmentation hand grenades to an individual who had been represented to him as a member of a violent street gang in Lawrence,

Massachusetts, and Zawadzki's possession of three firearms, and a quantity of ammunition. At the time of the offenses, Zawadzki was serving a state sentence in his parents' home on an electronic bracelet.

Zawadzki pleaded guilty to all three of the counts on November 9, 2000. [D.56]. On November 21, 2001, this Court sentenced Zawadzki to 13 years' incarceration – near the high end of the guideline range – and three years of supervised release. [D.91, 94]. In sentencing the defendant, this Court observed, "It's almost hard to think, unless these destructive devices were actually used to maim and assault people, of a threat to the peace of society more severe than what you knowingly and intelligently engaged in." [S.Tr. 28].

Zawadzki filed a timely notice of appeal of his sentence on November 20, 2001. [D. 93]. The First Circuit affirmed the judgment by opinion dated March 31, 2003. See United States v. Molloy, 324 F.3d 35 (1st Cir. 2003). Zawadzki's petition for writ of certiorari was denied by the Supreme Court on October 6, 2003. See Zawadzki v. United States, 124 S.Ct. 140 (2003).

The primary argument advanced by Zawadzki at sentencing and on appeal was that there was insufficient evidence to conclude that Zawadzki had "reason to believe" that the hand grenades he sold to a reputed gang member, "would be used or possessed in connection with another felony offense," triggering the application of the four level enhancement at U.S.S.G. §2K2.1(b)(5). The government offered evidence at the sentencing hearing that, among other things, the grenades were "lethal explosive devices with almost no non-felonious uses," and that Zawadzki, "attempted to peddle the grenades to members of two rival street gangs in the Lawrence area with a history of violent interaction." Molloy, 324 F.3d at 40.

**Section 2255 Review**

Section 2255, "provides for post-conviction relief in four instances, namely, if the petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." David v. United States, 134 F.3d 470, 474 (1st Cir. 1998)(citing Hill v. United States, 368 U.S. 424, 426-427 (1962)). The petitioner bears the burden of establishing the need for Section 2255 relief. David v. United States, 134 F.3d at 474.

In this matter Zawadzki makes a single claim: that the Court's application of a four level enhancement pursuant to U.S.S.G. § 2K2.1(b)(5) violated his Sixth Amendment rights, as the facts underlying the application of that specific offense characteristic were established by a preponderance of the evidence and determined by the Court, rather than being submitted to a jury and established by proof beyond a reasonable doubt. [Petition at 6-7]. In his brief petition, Zawadzki appears to claim that Blakely renders unconstitutional the procedures set forth in the United States Sentencing Guidelines for applying specific offense characteristics. [Id.].

**Argument**

**I.    Zawadzki's Petition Should Be Denied Because Blakely Does Not Apply to the United States Sentencing Guidelines**

Zawadzki's motion must be denied because it is premised on Blakely, a decision which is by its own terms not applicable to the United States Sentencing Guidelines. In support of its argument that Blakely does not apply to the Sentencing Guidelines, the government relies upon the arguments submitted by the United States Solicitor General in United States v. Freddie J. Booker, 375 F.3d 508 ((7th Cir.), cert. granted, --- S.Ct. ----, 2004 WL 1713654 (Aug 02, 2004) (No. 04-104) and United States v. Ducan Fanfan, 2004 WL 1723114 (D.Me.2004), cert. granted,

--- S.Ct. ---- (Mem), 2004 WL 1713655, (Aug 02, 2004) (No. 04-105) (briefs found at 2004 WL 1732451, 2004 WL 1967056 , 2004 WL 2190496), as well as the reasoning set forth in United States v. Pineiro, 377 F.3d 464 (5th Cir. 2004), petition for cert. pending, No. 04-5263 (filed July 14, 2004); United States v. Freddie J. Booker, 375 F.3d 508, 515-19 (7th Cir. 2004)(Easterbrook, J., dissenting); and United States v. Emmenegger, 329 F.Supp.2d 416 (S.D.N.Y. 2004). To the extent that the Court wishes to have a more complete and case-specific briefing of this issue, the government requests the opportunity to supplement this opposition to Zawadzki's petition.

**II.    Assuming *Arguendo* That Blakely Applies To Zawadzki's Case, Blakely Is Not Retroactive And Cannot Apply To A Petition under Section 2255.**

Even if one were to assume *arguendo* that Blakely applies to the federal Sentencing Guidelines, Zawadzki's collateral attack on his sentence must be rejected because his conviction was final before Blakely was decided, and Blakely does not apply retroactively.

Under Teague v Lane, 489 U.S. 288, 310 (1989), "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." See also, Schiro v. Summerlin, _ U.S. _, 124 S.Ct. 2519, 2523 (2004) ("New rules of procedure, on the other hand, generally do not apply retroactively"). Under Teague, only a small set of "watershed rules of criminal procedure" implicating the fundamental fairness and accuracy of a criminal proceeding are given retroactive effect. 489 U.S. at 311-312 ("New rules of procedure . . generally do not apply retroactively. They do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise. Because of this more speculative connection to innocence, we give retroactive effect to only a small set of watershed rules of criminal procedure implicating the fundamental fairness and

accuracy of the criminal proceeding.")(quotations omitted).  See also Summerlin, 124 S.Ct. at 2523; and Saffle v. Parks 494 U.S. 484, 495 (1990).

An analysis of the Supreme Court's recent decision in Summerlin demonstrates that, at best, Blakely qualifies as a new procedural rule that does not fall within the "watershed" exception.  Therefore, Blakely is not retroactively applicable, and a collateral attack on a conviction final before Blakely was decided must be rejected.

In Summerlin, decided the same day as Blakely, the Court decided that the ruling of Ring v Arizona, 536 U.S. 584 (2002), does not apply retroactively.  In Ring, the Court held that the ruling in Apprendi v. New Jersey, 530 U.S. 466 (2000), required that aggravating factors necessary to impose the death penalty under Arizona law be proven to a jury rather than a judge. 536 U.S. at 609. Summerlin's conviction and death sentence had become final before Ring was decided. 124 S.Ct. at 2521-22.

To decide whether Ring could be applied retroactively, the Court examined: (1) whether Ring articulated a procedural or substantive rule, and (2) if Ring involved a procedural rule, whether it fell within the "watershed" exception of Teague.  The Supreme Court concluded that Ring articulated a procedural rule because Ring's holding did not alter the range of conduct or the class of persons subject to the death penalty in Arizona; instead, Ring merely altered "the range of permissible methods for determining whether a defendant's conduct is punishable by death." Id. at 2523.

Even if Blakely applies to the federal Sentencing Guidelines, it is an extension of the ruling in Apprendi, later applied to the death penalty context in Ring.  Like the Ring decision, the Blakely decision does not alter the range of conduct or the class of persons subject to a

specific sentence under the federal Sentencing Guidelines. Instead, Blakely merely changes the method of determining how the defendant's conduct is punished under the Guidelines by requiring any fact (other than a prior conviction) which enhances a sentence to be alleged in the indictment and either to be proven to a jury beyond a reasonable doubt or to be admitted by the defendant. 124 S.Ct. at 2536. Therefore, under the reasoning in Summerlin, Blakely involved a procedural rule.

The Supreme Court in Summerlin also explained that the question of whether a new rule falls within the watershed exception depends on "whether judicial factfinding so 'seriously diminishes' accuracy that there is an 'impermissibly large risk' of punishing conduct the law does not reach." 124 S.Ct. at 2525, quoting Teague 489 U.S. at 311-312. The Court held that Ring did not announce a watershed rule because it could not confidently say that judicial factfinding seriously diminishes the accuracy of capital sentencing proceedings. Id.

Similarly, Blakely addressed the issue of whether factfinding must be conducted by a judge or jury. Because the Court in Summerlin could not say that judicial factfinding of aggravating circumstances seriously diminishes the likelihood of accurate death penalty proceedings, it follows that the judicial factfinding arguably prohibited by Blakely does not diminish the likelihood of accurate non-capital sentencing proceedings. Therefore, Blakely does not fall within the watershed exception because it does not establish a rule "without which the likelihood of an accurate conviction is seriously diminished." Teague, 489 U.S. at 311.

Although the First Circuit has not yet examined whether Blakely can be applied retroactively, consistent with the reasoning of the Supreme Court employed in Summerlin, the First Circuit has held that the rule set forth in Apprendi does not apply retroactively to cases on

6

collateral review. Sepulveda v United States, 330 F.3d 55 (1st Cir. 2003). Every other court of appeals to consider the issue also has concluded that Apprendi does not apply retroactively. See, e.g., Coleman v United States, 329 F.3d 77 (2d Cir. 2003); United States v. Swinton, 333 F.3d 481 (3d Cir. 2003); United States v. Sanders, 247 F.3d 139 (4th Cir. 2001); United States v. Brown, 305 F.3d 304 (5th Cir. 2002); Goode v. United States, 305 F.3d 378 (6th Cir. 2002); Curtis v. United States, 294 F.3d 841 (7th Cir. 2002); United States v. Moss, 252 F.3d 993 (8th Cir. 2001); United States v. Sanchez-Cervantes, 282 F.3d 664 (9th Cir. 2002); United States v Mora, 293 F.3d 1213 (10th Cir. 2002); McCoy v. United States, 266 F.3d 1245 (11th Cir. 2001). Because Blakely involves the same procedural rule as Apprendi (whether a judge or jury should determine facts which enhance a sentence), and courts have uniformly concluded that Apprendi does not apply retroactively, it necessarily follows that Blakely does not apply retroactively.

The courts which have addressed the issue of whether Blakely can serve as a basis for a successful Section 2255 petition, have consistently concluded that Blakely is a procedural rule that does not fall within the small set of watershed procedural rules which apply retroactively. See, e.g. Orchard v. United States, 332 F.Supp.2d 275, 277 (D.Me. 2004)("the extension of the Apprendi rule announced in Blakely is a rule of criminal procedure that may not be applied retroactively); Morris v. United States, 333 F.Supp.2d 759, 772 (C.D. Ill. 2004)(rejecting retroactivity argument, citing cases); United States v. Cino, 2004 WL 2382686, *4-5 (D.Nev. 2004)(concluding that Blakely not retroactive under Teague and Summerlin); Hall v. United States, 2004 WL 1932755, *3 (D.Mass. 2004)(concluding that Blakely claim not available on collateral review); Garcia v. United States, 2004 WL 1752588, *6-7 (N.D.N.Y. 2004)("Blakely cannot be said to establish a watershed rule of criminal procedure and it does not apply

retroactively to cases on collateral review."); Rosario-Dominguez v. United States, 2004 WL 1814021, *9 (S.D.N.Y. 2004) (Blakely "not a new substantive rule that may upset a judgment of conviction on collateral review"); United States v. Stoltz, 2004 WL 1619131, at *2-3 (D.Minn. July 19, 2004)(Blakely not apply retroactively).

Accordingly, Blakely is not retroactively applicable to cases on collateral review and Zawadzki's petition must be denied.

### Conclusion

For the reasons set forth above, the government requests that the defendant's petition pursuant to 28 U.S.C. § 2255 be denied.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

Date: November 3, 2004            By: /s/ John T. McNeil
                                      JOHN T. MCNEIL
                                      Assistant U.S. Attorney